UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01663-JWH-JDE | Date | January 22, 2024 |
| Title | Arturo Michael Amezcua v. Goldman Sachs Bank USA | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Erica Bustos for Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **ORDER REGARDING DEFENDANT'S MOTION TO DISMISS [ECF No. 12]; PLAINTIFF'S MOTION TO COMPEL ARBITRATION [ECF No. 18]; AND PLAINTIFF'S MOTION TO AMEND COMPLAINT [ECF No. 20] (IN CHAMBERS)**

Before the Court are three motions:

- the motion of Defendant Goldman Sachs Bank USA ("GS Bank") to dismiss the Complaint of *pro se* Plaintiff Arturo Michael Amezcua;[1]
- Amezcua's motion to compel arbitration;[2] and
- Amezcua's motion to amend his Complaint.[3]

---

[1]    Def.'s Motion to Dismiss Complaint Pursuant to Fed. R. Civ. Proc. 12(b)(4) and 12(b)(6) (the "Motion to Dismiss") [ECF No. 12].

[2]    Pl.'s Amended Motion to Compel Arbitration (the "Motion to Compel Arbitration") [ECF No. 18].

[3]    Pl.'s Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15(A)(2) (the "Motion to Amend") [ECF No. 20].

The Court finds these matters appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[4] the Court orders that GS Bank's motion to dismiss is **GRANTED**, Amezcua's motion to compel arbitration is **DENIED**, and Amezcua's motion for leave to amend the Complaint is **DENIED**, for the reasons set forth herein.

## I.  LEGAL STANDARD

### A.  Rule 12(b)(6)—Failure to State a Claim

A claim should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the plaintiff fails to assert a "cognizable legal theory" or the complaint contains "[in]sufficient facts . . . to support a cognizable legal theory." *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, the complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be pleaded with "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and that rises "above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Importantly, the Court must construe all factual allegations and "draw all reasonable inferences from them in favor of the nonmoving party." *Tinoco v. San Diego Gas & Elec. Co.*, 327 F.R.D. 651, 656 (S.D. Cal. 2018) (quoting *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996)); *see also Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

---

[4]  The Court considered the documents of record in this action, including the following papers: (1) Compl. (the "Complaint") [ECF No. 1]; (2) Motion to Dismiss; (3) Motion to Compel Arbitration; (4) Pl.'s Opp'n to the Motion to Dismiss (the "Opposition to Motion to Dismiss") [ECF No. 19]; (5) Motion to Amend; (6) Def.'s Reply in Support of Motion to Dismiss (the "Motion to Dismiss Reply") [ECF No. 23]; (7) Def.'s Opposition to the Motion to Amend (the "Opposition to Motion to Amend") [ECF No. 25]; and (8) Def.'s Opposition to Motion to Compel Arbitration (the "Opposition to Compel Arbitration") [ECF No. 26].

*Pro se* complaints are held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). Also, complaints drafted by *pro se* plaintiffs are liberally construed. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

B.  **Rule 12(b)(4)—Insufficient Process**

Federal courts lack jurisdiction over defendants who have not been properly served in accordance with Rule 4. *See S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Accordingly, the Federal Rules of Civil Procedure permit a court to dismiss an action for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(4) & (5). "Rule 12(b)(4) enables the defendant to challenge defects in the form and substance of the summons." *Pine v. City of Oakland*, 2020 WL 2512404, at *3 (N.D. Cal. May 16, 2020). When service is challenged, the plaintiff bears the burden of proving that service was valid under Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "If the plaintiff is unable to satisfy its burden of demonstrating effective service, the court has discretion to either dismiss or retain the action." *Rudolph v. UT Starcom, Inc.*, 2009 WL 248370, at *1 (N.D. Cal. Feb. 2, 2009) (citing *Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)).

C.  **Rule 15(a)—Leave to Amend**

Pursuant to the Federal Rules of Civil Procedure, a district court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). The purpose underlying Rule 15(a) is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). However, leave to amend is "not automatic." *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*, 2020 WL 5775174, at *1 (C.D. Cal. July 8, 2020). The Ninth Circuit instructs courts to consider five factors when deciding a motion for leave to amend under Rule 15(a): (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) the futility of amendment, and (5) whether the plaintiff has previously amended his or her complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *see also Doe v. United States*, 8 F.3d 494, 497 (9th Cir. 1995). Of those factors, prejudice to the opposing party is the consideration "that carries the greatest weight." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). A *pro se* litigant

should be given leave to amend his complaint unless it is absolutely clear that no amendment could cure the deficiencies of the complaint. *See Lopez*, 203 F.3d at 1130-31 (en banc).

### D.    Motion to Compel Arbitration

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (citation omitted). When faced with a motion to compel arbitration, the "threshold inquiry is whether the parties agreed to arbitrate." *Romero v. Watkins & Shepard Trucking, Inc.*, 2021 WL 3675074, at *1 (9th Cir. Aug. 19, 2021) (quoting *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 756 (9th Cir. 1988)).

## II.  DISCUSSION

For the reasons set forth below, the Court will **GRANT** the Motion to Dismiss and **DENY** the Motion for Leave to Amend. While those dismissals will render the Motion to Compel Arbitration moot, the Court will nevertheless evaluate the merits of that Motion.

### A.    Motion to Dismiss

GS Bank argues that the Court should dismiss this action because: (1) the Complaint fails to state a claim for relief;[5] and (2) Amezcua's purported service of process is defective.[6] Both arguments are persuasive. Accordingly, for the reasons discussed below, the Motion to Dismiss is **GRANTED**.

#### 1.    Failure to State a Claim

In the Complaint, Amezcua asserts five claims for relief under the Fair Credit Reporting Act (the "FCRA"), all of which arise from the same set of facts.[7] *See NAACP v. American Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992) ("One set of facts producing one injury creates one claim for relief, no matter how

---

[5]    *See* Motion to Dismiss 3:11-7:19.

[6]    *Id*. at 7:20-8:26.

[7]    *See* Complaint ¶¶ 21 & 23-48.

many laws the deeds violate."). In essence, Amezcua's five claims appear to allege that GS Bank furnished Experian with inaccurate information regarding the balance that Amezcua owed on his account.[8] In his Complaint, Amezcua further alleges that—due to "recent delinquencies" on his report[9]—he was denied a loan.[10] In its Motion, GS Bank argues that Amezcua fails to state a claim because he fails satisfy his threshold burden for establishing an inaccuracy.[11]

The FCRA, 15 U.S.C. §§ 1681 *et seq.*, provides for civil liability and criminal penalties for those that do not comply with requirements in the Act. Section 1681s–2 governs the responsibilities and requirements of furnishers of information to consumer reporting agencies. "[T]o state a claim under the FCRA, a plaintiff must show that: (1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s–2(b)(1)(A)–(E)." *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016) (quotation omitted). "[T]o prevail on a FCRA claim against a furnisher, a consumer must make a prima facie showing that the furnisher's report was inaccurate." *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022).

Here, Amezcua fails to make a *prima facie* showing that GS Bank's report was inaccurate. In his Complaint, Amezcua appears to allege that GS Bank reported an incorrect balance on his account.[12] However, Amezcua does not set forth any facts in his Complaint that detail which charge or charges that he disputes, the amount of those disputed charges, or the basis of his dispute of those charges.[13] Looking at the credit report—which is attached as Exhibit G to the Complaint—the Court also cannot discern any reporting error.[14] Without more, the Court concludes that Amezcua fails to satisfy his burden to establish an

---

[8] *Id.*

[9] *Id.* at ¶ 21.

[10] *Id.*

[11] *Id.* at 6:20-7:19.

[12] Complaint ¶ 12.

[13] *See generally id.*

[14] *Id.*, Ex. G.

inaccuracy. *See Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458 (11th Cir. 2019) ("A plaintiff must show a factual inaccuracy rather than the existence of disputed legal questions to bring suit against a furnisher under [15 U.S.C.] § 1681s-2(b).").

In his opposition brief, Amezcua tries to respond to GS Bank's argument that his Complaint fails to state a claim for relief under the FCRA. Amezcua first states that he sent a letter to Experian disputing the accuracy of his account and that "[t]he results that came back were inaccurate due to the information in Exhibit[.]"[15] Amezcua then argues that the balance history of the account showed a balance of $4,055 in May of 2022, with a minimum payment due of $40.[16] Amezcua asserts that "if you take the balance $4,055 and the $40 late payment the total balance for June should come out to $4,095, but it wasn't the balance was $4,111."[17] Amezcua observes that "[t]his is simple math and therefore easy to identify the inaccuracy of the plaintiffs' consumer report."[18]

Amezcua's attempts to clarify the alleged discrepancy in his opposition brief do not suffice. Though Amezcua provides the Court with more information regarding the charge that he challenges—he disputes the $4,111 balance on his account as of June 2022—he does not provide the Court with any law or facts that support his unusual claim that his June 2022 balance should somehow equal the sum of his May 2022 balance ($4,055) and his scheduled payment for May 2022 ($40).[19] Because Amezcua fails to meet his burden to allege any reporting error, the Court **GRANTS** GS Bank's Motion and **DISMISSES** Amezcua's first through fifth claims for relief.

---

| | |
|---|---|
| 15 | Motion to Dismiss Opposition 3:1. |
| 16 | *Id.* at 3:1-5. |
| 17 | *Id.* |
| 18 | *Id.* at 3:5-7. |
| 19 | Reply 1:17-2:3. |

### 2. Improper Service

In the alternative, GS Bank argues that Amezcua's Complaint should be dismissed for insufficient process under Rule 12(b)(4).[20] Amezcua does not respond or otherwise address this aspect of GS Bank's Motion.

Without a valid summons issued by the Clerk of the Court, a plaintiff's proof of service is defective, whether service was by personal service or by mail. *See* Fed. R. Civ. P. 4. Here, the record shows that Amezcua failed to serve GS Bank with a copy of a summons issued by the Clerk of the Court, as required under Rules 4(a)(1)(F) & 4(b).[21] Therefore, in the alternative, the Court **GRANTS** GS Bank's Motion pursuant to Rule 12(b)(4).

## B. Motion for Leave to Amend

In a separate Motion, Amezcua moves for leave to amend his Complaint "[t]o add clarity about the inaccuracies on his credit reports" and "clear up any questionable information."[22] In particular, as his proposed Amended Complaint indicates,[23] Amezcua seeks to amend paragraph 14 of his Complaint to add the following allegation: "under the Balance history in May of 2022 the balance was $4,055, a late payment was reported on the plaintiffs consumer reports which was $40 in June" and "[i]f you take the balance $4,055 and the $40 late payment the total balance for June should have came out [*sic*] to $4,095, but it didn't, the balance was $4,111 after the disputed results came back in July."[24] GS Bank responds that leave to amend should be denied on the overriding grounds of futility of amendment and bad faith.

The Court concludes that amendment would be futile. First, Amezcua's allegations suffer from the same calamity as his opposition brief: namely, Amezcua fails to explain why his June 2022 statement balance must equal the sum of his prior month's balance plus his minimum scheduled payment for the month. Second, as referenced in Section II.A.1., "to state a claim under the FCRA, a

---

[20]      Motion to Dismiss 7:20-8:26.

[21]      *Id.* at 8:12-26.

[22]      *See* Motion to Amend 4:17-20.

[23]      Proposed First Amended Complaint [ECF No. 20-2] ¶ 14.

[24]      *Id.*

plaintiff must show that . . . he found an inaccuracy in his credit report[.]" *Biggs*, 209 F. Supp. 3d at 1144. Here, Amezcua's proposed amendment fails to explain the presence of any inaccuracy. Accordingly, the Court concludes that Amezcua's proposed amendment would be futile and **DENIES** Amezcua's Motion for Leave to Amend. *See Nunes*, 375 F.3d at 808 ("Futility alone can justify the denial of a motion for leave to amend."); *Del Toro v. 360 P'ship LP*, 2021 WL 5050057, at *1 (C.D. Cal. Nov. 1, 2021), *reconsideration denied sub nom. Toro v. 360 P'ship LP*, 2022 WL 126546 (C.D. Cal. Jan. 4, 2022), *aff'd sub nom. Del Toro v. 360 P'ship LP*, 2022 WL 17223042 (9th Cir. Nov. 25, 2022) ("Indeed, a *pro se* litigant may be denied leave to amend when it would be 'futile.'").

### C.     Motion to Compel Arbitration

Amezcua also seeks to compel arbitration against the parties in the instant action.[25] "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (citation omitted). When faced with a motion to compel arbitration, the "threshold inquiry is whether the parties agreed to arbitrate." *Romero v. Watkins & Shepard Trucking, Inc.*, 2021 WL 3675074, at *1 (9th Cir. Aug. 19, 2021), quoting *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 756 (9th Cir. 1988).

Here, nothing in the record evinces the parties' agreement to arbitrate. The purported agreement, which Amezcua attaches to his Motion, does not contain any signatures, nor does it indicate that either Amezcua or GS Bank are parties to the agreement.[26] Moreover, Amezcua is the plaintiff here; if he wanted to arbitrate his dispute with GS Bank then he should have commenced an arbitration instead of filing this lawsuit. The Court need not conduct any further analysis. Amezcua's Motion to Compel Arbitration is **DENIED**. Amezcua's derivative request to stay this action is also hereby **DENIED as moot**.

---

[25]     *See generally* Motion to Compel Arbitration.

[26]     *See id.* at 5-23.

## III.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. GS Bank's Motion to Dismiss is **GRANTED**.

2. Amezcua's Motion for Leave to Amend is **DENIED**.

3. Amezcua's Motion to Compel Arbitration is **DENIED**.

4. Judgment will issue accordingly.

**IT IS SO ORDERED.**